# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) 2:20-cr-173 |
| | ) |
| DA'JON LENGYEL, et al., | ) |
| | ) |
| Defendant. | ) |

## ORDER SCHEDULING
## INITIAL CRIMINAL CASE STATUS CONFERENCE

Federal Rule of Criminal Procedure 50 requires district courts to give "[s]cheduling preference" to all criminal proceedings "as far as practicable" in order to ensure the prompt disposition of criminal cases. Fed. R. Crim. P. 50. Moreover, district courts possess broad discretion to manage cases, control their docket, and grant or deny continuances. *See Drippe v. Tobelinski,* 604 F.3d 778, 783 (3d Cir. 2010) ("As a general matter, we accord district courts great deference with regard to matters of case management."); *United States v. Kikumura*, 947 F.2d 72, 78 (3d Cir. 1991) ("A trial court's decision to deny a continuance will only be reversed if an abuse of discretion is shown."); 3A Charles A. Wright, Federal Practice and Procedure: Criminal 2d § 832 (1982) ("Occasionally an abuse of discretion [in granting or denying a continuance] will be found, but this is so rare that it is correct to say that the action of the trial court is ordinarily not reviewable.").

Pursuant to that authority, and to ensure the efficient disposition of justice and meaningful preservation of the right to a jury trial in all criminal proceedings, the Court has adopted certain standard practices governing all newly filed criminal cases. In accordance with those practices, it is **HEREBY ORDERED** as follows:

**First**, the Court's practice is to hold an Initial Case Status Conference

at the early stage of all criminal cases. Pretrial motions are currently due to be filed by 10/15/2020. **Accordingly, an Initial Case Status Conference in this matter will be held telephonically on 10/13/2020 at 3:00 PM. Dial-in instructions will follow this Order.**

**Second**, the parties should be prepared to discuss the nature of the charges and any anticipated discovery needs or issues at the Initial Case Status Conference. Counsel should further be prepared to consult their calendars during the status conference and discuss a realistic timeline for exchanging any outstanding discovery, the filing of pretrial motions, and trial.

**Third**, at the status conference and at various dates thereafter, counsel will be ordered to update the Court on whether a plea agreement or pre-trial diversion agreement is imminent or has been reached.

**Fourth**, the Court advises that it will not consider or approve any written motions requesting further extensions of time to file pretrial motions submitted by the parties prior to the Initial Case Status Conference. The parties should be prepared to discuss any further extension of time, and to orally move for any such extension, at the Initial Case Status Conference. In non-complex cases where a defendant is in pre-trial custody, additional extensions are unlikely to be granted, and a trial date will be set at the initial status conference. For other cases, during the status conference, the Court will advise the parties of its practices governing any subsequent motions to extend the time to file such motions.

DATED this 1st day of September, 2020.

BY THE COURT

/s/ J. Nicholas Ranjan  
United States District Judge